IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MOHAMMAD JAFAR MIRZAEE                                      PETITIONER

V.                                      CIVIL NO.    5:26-cv-00084-DCB-BWR

WARDEN                                                    RESPONDENT
*Adams County Correctional Center*

ORDER SETTING BRIEFING SCHEDULE

This matter is before the Court *sua sponte.* Petitioner, a native and citizen of Afghanistan, filed his Petition [1] for writ of habeas corpus under 28 U.S.C. § 2241 in February 2026 challenging the length of his detention under 8 U.S.C. § 1231(a)(6) and requesting his immediate release from Immigration and Customs Enforcement's ("ICE") custody or alternatively a bond hearing.

Petitioner entered the United States illegally in 2024 and was placed in removal proceedings. ICE Officer Decl. [8-1] at 1. On June 17, 2025, an immigration judge ordered Petitioner removed from the United States but granted him withholding of removal to Afghanistan. *Id.* No appeal was filed, and Petitioner's order of removal became administratively final on July 18, 2025. *Id.*

Petitioner's detention is governed by 8 U.S.C. § 1231, which provides that the Attorney General shall remove the alien within a period of 90 days (referred to as the "removal period"), during which time the alien shall be detained, § 1231(a)(1)(A), (a)(2). "After that time elapses, however § 1231(a)(6) provides only that certain aliens '*may* be detained' while efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original). In *Zadvydas v. Davis,* the Supreme

Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is not authorized by statute." 533 U.S. 678, 699 (2001). "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas,* 533 U.S. at 702). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings,* 583 U.S. at 299 (quoting *Zadvydas,* 533 U.S. at 701). "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-02.

Petitioner's removal order became administratively final on July 18, 2025. *See* 8 U.S.C. § 1231(a)(1)(B)(i). The 90-day removal period expired on October 16, 2025. Six months following October 16, 2025 expired on April 16, 2026. Attached to Respondent's Response, filed April 28, 2026, is an ICE Officer's Declaration providing that, "[a]s of April 28, 2026, [Enforcement and Removal Operations] New Orleans has not received any information indicating that a removal to a third country has been scheduled." ICE Officer Decl. [8-1] at 2.

The Court requires a status update from Respondent regarding its efforts to remove Petitioner and sets a briefing schedule regarding whether there is "no

significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 533 U.S. at 701-02.

IT IS THEREFORE ORDERED that, within 14 days of this Order, Respondent shall file a status update:

1. Including a Declaration from an official from Enforcement and Removal Operations; and

2. Specifically addressing the following: (1) the status of efforts to remove Petitioner, including Petitioner's cooperation with any such efforts; and (2) a timeline of any anticipated efforts to remove Petitioner.

IT IS FURTHER ORDERED that:

1. No later than 30 days after Respondent's status update, Petitioner shall file a memorandum brief and must show there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future;

2. No later than 14 days after Petitioner's memorandum brief, Respondent shall file a response furnishing evidence sufficient to rebut that showing; and

3. No later than 14 days after Respondent's response, Petitioner may file a reply.

SO ORDERED, this 24th day of June 2026.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE